UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILA SHEN, by and through her guardian ad litem Peggy Shen Brewster; EDWIN SHEN, an individual; JOYCE SHEN, an individual; ZOE SHEN and VESPER SHEN, by and through their guardian ad litem Peggy Shen Brewster,<br><br>Plaintiffs,<br><br>v.<br><br>CLUB MED SAS, a corporation; CLUB MED SALES, INC.; CLUB MED MANAGEMENT SERVICES, INC.; and DOES 1 to 50,<br><br>Defendants. | Case No.: 3:19-cv-00349-BEN-BGS<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING MINORS COMPROMISE PETITIONS**<br><br>**(ECF No. 40)** |

Before the Court are the petitions of guardian ad litem Erik Brewster to approve the compromise of the pending action on behalf of minor Plaintiffs Mila Shen, Zoe Shen, and Vesper Shen ("minor Plaintiffs"). (ECF No. 40.) This Report and Recommendation is submitted to United States District Judge Roget T. Benitez pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of California. After reviewing the Petitions and all supporting documents, and for

the reasons discussed below, the Court **RECOMMENDS** that the Petitions (ECF No. 40) be **GRANTED**.

## I. BACKGROUND

Plaintiffs Mila Shen, Zoe Shen, and Vesper Shen are minors appearing by and through their court appointed guardian ad litem, Erik Brewster. (ECF No. 21.) On August 8, 2018, Plaintiffs Mila, Zoe, Vesper and their parents, Plaintiffs Edwin and Joyce Shen, attended a performance at Club Med hotel in Tomamu Hokkaido, Japan. (ECF No. 1-2 at 4.) General manager Merlin Chelliah gathered the children to the front of the stage to have them partake in a sake barrel breaking ceremony. During the ceremony, Ms. Chelliah's wooden mallet slipped out of her hand and hit Mila in the center of her forehead. (*Id.* at 5.) She suffered a nondisplaced frontal skull fracture and today has a prominent scar across her forehead. (ECF No. 40-1 at 3.) She received emergency treatment, imaging, neurological examination, plastic surgery, and therapy for emotional trauma. (*Id.*) Mila was seven years old at the time of the injury. (ECF No. 1-2 at 5.) Her parents and sisters Zoe and Vesper witnessed Mila's injury causing them emotional distress. (Id.; ECF No. 40-2 at 3; ECF No. 40-3 at 3.)

This action was initially filed in California Superior Court and was removed to this Court on February 20, 2019. (ECF No. 1.) Plaintiffs alleged claims of negligence, negligent infliction of emotional distress, and negligent misrepresentation. (ECF No. 1-2.) Defendants filed motions to dismiss for lack of personal jurisdiction. (ECF Nos. 21–22.) The undersigned judge held an Early Neutral Evaluation and Case Management Conference on September 4, 2019. (ECF No. 29.) The case did not settle, and a scheduling order was issued. (*Id.*; ECF No. 30.) On September 30, 2019, Plaintiffs filed their opposition to Defendants' Motion to Dismiss. (ECF Nos. 32–33.) On October 18, 2019, the parties filed a joint notice of settlement informing the Court they reached a settlement. (ECF No. 37.) On November 1, 2019, guardian ad litem Erik Brewster filed petitions for approval of the minor's compromise of claims. (ECF No. 40.) Exhibits were attached

2

3:19-cv-00349-BEN-BGS

containing petitions for Mila (ECF No. 40-1), Zoe (ECF No. 40-2), and Vesper (ECF No. 40-3).

## II. LEGAL STANDARD

It is well settled that courts have a special duty to safeguard the interests of litigants who are minors in the context of settlements proposed in civil suits. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011); *see also* Fed. R. Civ. P. 17(c) (district courts "must appoint a guardian *ad litem*—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."). This duty "requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem."). Accordingly, Local Rule 17.1(a) provides that "[n]o action by or on behalf of a minor or incompetent will be settled, compromised, voluntarily discontinued, dismissed or terminated without court order or judgment." CivLR. 17.1(a). This requires the Court to question if the settlement is in the best interests of the minor and consider not only the fairness of the settlement, but the structure and manner of the plan for the payment and distribution of the assets for the benefit of the minor.

Ordinarily, "in considering the fairness of a minor's state law settlement, federal courts generally require that claims by minors . . . be settled in accordance with the applicable state law." *Lobaton v. City of San Diego*, No. 3:15-cv-1416-GPC-DHB, 2017 WL 2610038, at *2 (S.D. Cal. June 16, 2017) (internal quotation marks and citation omitted). California law requires court approval of a settlement for a minor and attorney's fees to represent a minor. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Under California state law, the Court is tasked with evaluating the reasonableness of the settlement and determining whether the compromise is in the best interest of the minor.

*Espericueta v. Shewry*, 164 Cal. App. 4th 615, 619–20 (2008). Furthermore, California Probate Code Section 3601 authorizes the court approving a compromise of a minor's disputed claim to "make a further order authorizing and directing that reasonable expenses, medical or otherwise[,] ... costs, and attorney's fees, as the court shall approve and allow therein, shall be paid from the money or other property to be paid or delivered for the benefit of the minor." Cal. Prob. Code § 3601(a). This "bestows broad power on the court to authorize payment form the settlement—to say who and what will be paid from the minor's money—as well as direct certain individuals to pay it." *Goldberg v. Superior Court*, 23 Cal. App. 4th 1378, 1382 (1994).

In cases involving the settlement of a minor's claims, the Ninth Circuit has stated that district courts should "limit the scope of their review to the question of whether the net amount distributed to each minor plaintiff is fair, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82. This inquiry should be made "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Id.* at 1182. "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.*

Here, the instant complaint was filed in San Diego County Superior Court and alleges state law claims for negligence, negligent infliction of emotional distress, and negligent misrepresentation. (ECF No. 1-2.) The Court, therefore, will apply California law and focus on whether "the compromise is sufficient to provide for the minor's injuries, care and treatment." *Goldberg*, 23 Cal. App. 4th at 1382. Additionally, the Court will consider the guidelines set forth in *Robidoux* because they provide a "framework for evaluating the reasonableness and fairness of Plaintiff's settlement." *Lobaton*, 2017 WL 2610038, at *2.

### III. DISCUSSION

#### A. Proposed Settlement

Based on a review of the petitions and applicable law, the Court finds that the terms of the settlement are fair and reasonable as to the minor Plaintiffs. Under the terms of the settlement, Plaintiffs agree to accept $500,000 in exchange for dismissing their claims against Defendants. (ECF No. 40 at 2.) The settlement is apportioned according to the following percentages: Mila is to receive 76.94%; Zoe is to receive 11.53%; and Vesper is to receive 11.53%. (ECF No. 40-1 at 13.) The gross proceeds are to be apportioned accordingly, with Mila receiving $384,700 and each of her sisters receiving $57,650. (ECF Nos. 40-1 at 7, 40-2 at 7, 40-3 at 7.) After attorney's fees and costs, Mila will receive $299,707.18, Zoe will receive $45,091, and Vesper will receive $45,091 to be paid into structured annuities. (*Id.*) The minors' parents are not taking any settlement funds and Plaintiffs' counsel reduced their fee from 33 1/3% to 20% to ensure adequate compensation for Mila. (*Id.*; 40-1 at 19.)

This action was initiated in state court December 6, 2018 (ECF No. 1-2 at 2) and removed to federal court on February 20, 2019 (ECF No. 1.) Over the course of the litigation, Plaintiffs' counsel conducted an extensive investigation into the events surrounding Mila's injury, and the facts of the case were thoroughly investigated in response to Defendants' Motions to Dismiss on basis of lack of personal jurisdiction and via participation in an Early Neutral Evaluation with the undersigned judge. Based upon consideration of the facts, the minor Plaintiffs' claims, and the risks associated with trial, the Court concludes the proposed settlement is fair and reasonable under both California and federal law standards.

**B. Method of Disbursement**

Courts can use a variety of methods for the disbursement of settlement funds to a minor. *See* Cal. Prob. Code § 3600 et seq. Here, the Petitions request that the minor Plaintiffs' net settlement be used to purchase three structured settlement annuities through Sage Settlement Consulting using rates from Pacific Life Insurance Company. (ECF Nos. 40-1 at 25, 40-2 at 25, 40-3 at 25.)

The Court has considered the structured annuity quotes provided by Sage Settlement Consulting and the methods of disbursement chosen by the minor Plaintiffs' guardian ad litem. These methods provide that the balance of the settlement be placed in an account for each of the minor Plaintiffs with disbursements to be made over a period of years. Specifically, Defendants or their insurers are to pay $ 299,707.18 for Mila and $45,091 each for Zoe and Vesper to fund three single-premium deferred annuities subject to withdrawal only upon authorization of the Court as set forth in the Petitions. (ECF Nos. 40-1 at 10, 40-2 at 10, 40-3 at 10.) This would provide Mila with guaranteed lump sum payments of approximately $92,050.73, $95,992.78, $98,999.17, and $101,834.82 at ages 18 through 21. (ECF No. 40-1 at 25.) It would also provide Zoe and Vesper each with guaranteed lump sum payments of approximately $12,963.06, $13,387.28, $13,904.99, and $14,690.18 at ages 18 through 21. (ECF No 40-1 at 25; ECF No. 40-2 at 25.) The terms of the annuities protect the minor Plaintiffs as they provide that the bulk of the settlement be released after they have reached the age of majority. The Court finds the methods of disbursements to be fair, reasonable, and within the bounds of applicable law. *See* Cal. Prob. Code § 3602(c)(1) (providing as option that funds be deposited into a single-premium deferred annuity).

### C. Attorney's Fees, Costs, and Medical Liens

Attorney's fees to be paid for representing the minor Plaintiffs must also be approved by the Court. Cal. Fam. Code § 6602. Attorney's fees and costs are typically controlled by statute, local rule, or local custom. Generally, fees in minors' cases have historically been limited to twenty-five percent (25%) of the gross recovery. *Napier by & through Quiroz v. San Diego Cty.*, No. 315CV00581CABKSC, 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017.) In California, courts are required to approve the attorney's fees to be paid for representation of a minor. *See* Cal. Prob. Code § 2601; Cal. Rule of Ct. 7.955. To determine whether the fee is reasonable courts consider a myriad of factors including: the amount of the fee in proportion to the value of the services performed; the novelty and difficulty of the questions involved and skills required; the amount involved and the results

obtained; and the experience and ability of the attorney. Cal. Rule of Ct. 7.955(b). When a contingency fee has been proposed, "most courts require a showing of good cause to award more than 25% of any recovery" whereas a greater reward is "rare and justified only when counsel proves that he or she provided extraordinary services." *Schwall v. Meadow Wood Apts.*, No. CIV. S-07-0014 LKK, 2008 WL 552432, at *1–*2 (E.D. Cal. Feb. 27, 2008) (internal quotation marks omitted).

Here, minor Plaintiffs' counsel seeks $76,940 based on Mila's portion of the settlement (ECF No. 40-1 at 7) and $11,530 each from Zoe and Vesper's portions of the settlement. (ECF Nos. 40-2 at 7, 40-3 at 7.) This represents 20% of the $500,000 gross settlement. (ECF Nos. 40-1 at 19, 40-2 at 19, 40-3 at 19.) Counsel has provided no documentation in support of their request. Nonetheless, the Court finds that in consideration of the duration of this case, the amount of work performed by Plaintiff's counsel, the fee request's adherence to the historically applied limit in cases involving minors, and the fact that counsel reduced their fees in order to facilitate settlement and ensure adequate compensation for Mila, the amount of attorney's fees is reasonable and does not suggest that the settlement was unfair.

Additionally, in the instant petitions, minor Plaintiffs' counsel set forth costs accrued over the course of the litigation totaling $8,928.38, with $6,869 to come from Mila's settlement proceeds and $1,029 to come from both Zoe and Vesper's settlement proceeds. (ECF Nos. 40-1. 40-2, and 40-3 at 7.) Counsel attaches an advanced detail of all costs which, amongst other costs, represent $2,500 in expert fees, $3,019.45 in translation costs, $1,443 in focus group costs. (ECF Nos. 40-1 at 21, 40-2 at 21, and 40-3 at 21.) This litigation, which was initiated December 2018 in state court, settled after minor Plaintiffs' counsel conducted an extensive investigation into the events surrounding Mila's injury and the facts of the case were thoroughly investigated in response to Defendants' Motions to Dismiss on basis of lack of personal jurisdiction. (ECF Nos. 40-1, 40-2, 40-3 at 16–17.) The Court finds that the costs incurred are fair and reasonable under the circumstances.

Finally, the petition on behalf of Mila sets forth $1,183.82 in medical expenses that are to be paid from the proceeds of the settlement. (ECF No. 40-1 at 6–7.) Payment of such medical expenses from settlement proceeds is permissible. *See* Cal. Prob. Code § 3601(a) ("authorizing and directing that reasonable expenses, medical or otherwise . . . shall be paid from the money or other property to be paid or delivered for the benefit of the minor . . . .").

## IV. CONCLUSION

After reviewing the Petitions for Approval of Minor's Compromise of Claims, the Court finds that the proposed settlement of minor Plaintiffs' claims in the amount of $500,000 fair and reasonable. For the reasons discussed above, **IT IS HEREBY RECOMMENDED** that the District Court issue an Order: (1) adopting this Report and Recommendation; (2) **GRANTING** the Petitions (ECF No. 40); and (3) requiring the following:

(1) Defendants should prepare and deliver the settlement fund proceeds. The settlement funds should be disbursed as follows: (i) attorney's fees in the amounts of $76,940, $11,530, and $11,530 (or collectively $100,000) shall be paid to Plaintiffs' counsel, The McClellan Law Firm; (ii) costs in the amount of $8,928.38 shall be paid to Plaintiffs' counsel, The McClellan Law Firm; and (iii) medical expenses in the amount of $1,183.82 shall be paid directly to provider Conduent (Cigna Medical Lien) via P.O. Box 30114, Salt Lake City, Utah 84130. The balance of the settlement will be distributed to each of the minor Plaintiffs as set forth in the Petitions.

(2) The remaining amounts designated for each of the minor Plaintiffs ($299,707.18 for Mila, $45,091 each for Zoe and Vesper) shall be invested into three structured settlement annuities comporting with the options selected by the minor Plaintiffs' guardian ad litem for the benefit of minor Plaintiffs. The funds will be held in the structured annuities until the minor Plaintiffs reach the age of eighteen (18) and then be disbursed based on the proposals selected by the guardian ad litem. (*See*

ECF Nos. 40-1 at 25, 40-2 at 25, 40-3 at 25.)  Until that time, no withdrawals may be made from the structured annuity without a written order from this Court.

(3) All proceeds are to be paid within thirty (30) days after approval of the minors compromise.  Interest shall accrue at 7% per annum on any amounts not paid within 30 days of this Order.

(4) Any annuity payments remaining to be paid after the death of Mila Shen will be made payable in equal shares to her primary beneficiaries: Zoe Shen, Vesper Shen, and Axel Shen.  If one of Mila's primary beneficiaries is no longer living, then that person's payments will be distributed in equal shares to the remaining beneficiaries listed here.

(5) Any annuity payments remaining to be paid after the death of Vesper Shen will be made payable in equal shares to her primary beneficiaries: Zoe Shen, Mila Shen, and Axel Shen.  If one of Vesper's primary beneficiaries is no longer living, then that person's payments will be distributed in equal shares to the remaining beneficiaries listed here.

(6) Any annuity payments remaining to be paid after the death of Zoe Shen will be made payable in equal shares to her primary beneficiaries: Vesper Shen, Mila Shen, and Axel Shen.  If one of Zoe's primary beneficiaries is no longer living, then that person's payments will be distributed in equal shares to the remaining beneficiaries listed here.

**IT IS ORDERED** that no later than **January 2, 2020**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."  The parties are advised a failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **January 9, 2020**.

**IT IS SO ORDERED.**

Dated: December 19, 2019

_____
Hon. Bernard G. Skomal
United States Magistrate Judge