UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILA SHEN, by and through her guardian ad litem Peggy Shen Brewster; EDWIN SHEN, an individual; JOYCE SHEN, an individual; ZOE SHEN and VESPER SHEN, by and through their guardian ad litem Peggy Shen Brewster,<br><br>Plaintiffs,<br><br>v.<br><br>CLUB MED SAS, a corporation; CLUB MED SALES, INC.; CLUB MED MANAGEMENT SERVICES, INC.; and DOES 1 to 50,<br><br>Defendants. | Case No.: 3:19-cv-00349-BEN-BGS<br><br>**ORDER:**<br><br>**(1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; and**<br><br>**(2) GRANTING THE PETITIONS FOR MINORS COMPROMISE**<br><br>**[Doc. Nos. 40 and 41]** |

## I. <u>INTRODUCTION</u>

Before the Court are the petitions of guardian *ad litem* Erik Brewster to approve the compromise of the pending action on behalf of minor Plaintiffs Mila Shen, Zoe Shen, and Vesper Shen ("minor Plaintiffs"). (Doc. No. 40.) United States Magistrate Judge Bernard G. Skomal filed a Report and Recommendation recommending the petitions be granted. (Doc. No. 41.) Based on the Court's review of the moving papers, the law, and for the reasons set forth below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** the Petitions.

///

///

1

## II. BACKGROUND

On August 8, 2018, minor Plaintiffs Mila, Zoe, and Vesper Shen, together with their parents, Plaintiffs Edwin and Joyce Shen, attended a performance at the Club Med Hotel in Tomamu Hokkaido, Japan.[1] (Doc. No. 41 at 2.) At the performance, General manager Merlin Chelliah gathered the children to the front of the stage to have them partake in a sake barrel breaking ceremony. *Id*. During the ceremony, Ms. Chelliah's wooden mallet slipped out of her hand and hit Mila in the center of her forehead. *Id*. She suffered a nondisplaced frontal skull fracture and today has a prominent scar across her forehead. *Id*. She received emergency treatment, imaging, a neurological examination, plastic surgery, and therapy for emotional trauma. *Id*. Mila was seven years old at the time of the injury. *Id*. Her parents and sisters Zoe and Vesper witnessed Mila's injury causing them emotional distress. *Id*.

This action was initially filed in California Superior Court but was subsequently removed to this Court on February 20, 2019. *Id*. The Plaintiff's Complaint alleges claims of negligence, negligent infliction of emotional distress, and negligent misrepresentation. *Id*. The Defendants filed motions to dismiss for lack of personal jurisdiction. *Id*. Magistrate Judge Skomal held an Early Neutral Evaluation and Case Management Conference on September 4, 2019. *Id*. The case did not settle, and a scheduling order was issued. *Id*. On September 30, 2019, Plaintiffs filed their opposition to Defendants' Motion to Dismiss. *Id*. On October 18, 2019, the parties filed a joint notice of settlement. *Id*. Thereafter, on November 1, 2019, guardian *ad litem* Erik Brewster filed petitions for approval of the minor's compromise of claims as to Mila, Zoe, and Vesper Shen.[2] *Id*. On December 19, 2019, Magistrate Judge Skomal issued a

---

[1] Plaintiffs Mila Shen, Zoe Shen, and Vesper Shen are minors appearing by and through their court appointed guardian ad litem, Erik Brewster. (Doc. No. 40 at 2.)
[2] The individual Petitions for Mila, Zoe, and Vesper Shen were attached to the Motion as exhibits. (*See* Doc. No. 40-1, 2, and 3.)

Report and Recommendation recommending the Petitions be granted as to all three minor Plaintiffs. (Doc. No. 41.) Since then, the parties filed a Joint Waiver of the Fourteen Day Objection Period for Approval of Minors' Compromise on December 27, 2019. (Doc. No. 42.)

### III. DISCUSSION

District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), "to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem*").

The Ninth Circuit has also made clear that, in cases involving the settlement of federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for the adult co-plaintiffs or plaintiffs' counsel – whose interests the district court has no special duty to safeguard." *Robidoux*, 638 F.3d at 1181-82 (citing *Dacany*, 573 F.2d at 1078). "So long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." *Id.* at 1182.

Considering the Petitions along with the Declarations filed in support of each, the Court agrees with Magistrate Judge Skomal's conclusion that a gross settlement sum of

$500,000 is reasonable in light of the facts of this case, the causes of action brought, and recoveries received by similarly situated plaintiffs.

Here, the proposed settlement will result in payment (*after attorney's fees and costs*) of $299,707.18 to Mila, $45,091 to Zoe, and $45,091 to Vesper.[3] (Doc. No. 41 at 5.) Upon receipt of payment, the funds will be deposited into separate settlement annuity accounts set up for each of the minor Plaintiffs.[4] *Id.* Under this arrangement, when the minor Plaintiff turns eighteen (18) years of age, she will receive one disbursement payment a year, for four years, from her individual annuity account.[5] *Id.* The Court agrees with Magistrate Judge Skomal's assessment that the proposed methods of disbursement are "fair, reasonable, and within the bounds of applicable law" as to each of the minor Plaintiffs.[6] *Id.* at 6.

The Court also finds that the amount deducted from the total recovery for attorney's fees is reasonable. Attorney's fees and costs are typically controlled by statute, local rule, or local custom. Generally, fees in minors' cases historically have been limited to twenty-five percent (25%) of the gross recovery. *Napier by & through Quiroz v. San Diego Cty.*, No. 3:15-cv-00581-CAB-KSC, 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017. To determine whether the fee is reasonable courts consider a myriad of factors including the amount of the fee in proportion to the value of the services

---

[3] The minors' parents are not taking any settlement funds and Plaintiffs' counsel reduced their fee from 33 1/3% to 20% to ensure adequate compensation for Mila. (Doc. No. 41 at 5.)
[4] The annuities will be purchased through Sage Settlement Consulting using rates from Pacific Life Insurance Company.
[5] This would provide Mila with guaranteed lump sum payments of approximately $92,050.73, $95,992.78, $98,999.17, and $101,834.82 at ages 18 through 21. (Doc. No. 40-1 at 25). It would also provide Zoe and Vesper each with guaranteed lump sum payments of approximately $12,963.06, $13,387.28, $13,904.99, and $14,690.18 at ages 18 through 21. (Doc. No. 40-1 at 25; Doc. No. 40-2 at 25.)
[6] *See* Cal. Prob. Code § 3602(c)(1) (providing as option that funds be deposited into a single-premium deferred annuity).

performed; the novelty and difficulty of the questions involved and skills required; the amount involved and the results obtained; and the experience and ability of the attorney. Cal. Rule of Ct. 7.955(b).

Here, minor Plaintiffs' counsel seeks $100,000 in attorney's fees, a sum that represents twenty percent (20%) of the $500,000 gross settlement.[7] (Doc. No. 41 at 7.) Counsel has provided no documentation in support of this request. Nonetheless, the Court finds that in consideration of the duration of this case, the amount of work performed by Plaintiffs' counsel, and the fee request's adherence to an amount which is less than the twenty-five percent (25%) limit historically applied, the amount of attorney's fees sought, in this case, is reasonable and does not suggest that the settlement is unfair.

Next, the Court finds that an award of $8,928.38 to cover litigation costs of the Plaintiffs' counsel is also fair and reasonable under the circumstances.[8] These include, amongst other costs, $2,500 in expert fees, $3,019.45 for translations, and $1,443 in focus group costs. (*See* Doc. No. 40-1 at 21, 40-2 at 21, and 40-3 at 21.)

Finally, the petition on behalf of Mila sets forth $1,183.82 in medical expenses that are to be paid from the proceeds of the settlement. (Doc. No. 41 at 8.) The Court finds such payment of medical expenses from settlement proceeds permissible.[9]

---

[7] Minor Plaintiffs' counsel seeks $76,940 based on Mila's portion of the settlement (Doc. No. 40-1 at 7) and $11,530 each from Zoe and Vesper's portions of the settlement (Doc. No 40-2 at 7, 40-3 at 7.)

[8] Minor Plaintiffs' counsel set for costs accrued over the course of the litigation totaling $8,928.38, with $6,869 to come from Mila's settlement proceeds and $1,029 to come from both Zoe and Vesper's settlement proceeds. (Doc. No. 40-1, 40-2, and 40-3 at 7.)

[9] *See* Cal. Prob. Code § 3601(a) ("authorizing and directing that reasonable expenses, medical or otherwise … shall be paid from the money or other property to be paid or delivered for the benefit of the minor ….").

Accordingly, given the nature of the harm, the obstacles to prevailing at trial, and the settlement amount received in similar cases, the Court concludes that the settlement amount of $500,000 is fair, reasonable, and within the bounds of applicable law.[10] As such, and given that settlement is in the best interest of the minor Plaintiffs, the Court **ADOPTS** the R&R and **GRANTS** the Petitions to Approve the Minors' Compromise.

## IV. CONCLUSION

Having thoroughly considered the R&R, the terms of the proposed settlement agreement, and the Petitions, the Court finds that Mila, Zoe, and Vesper Shen's interests are adequately safeguarded and the proposed settlements are "fair and reasonable." *Robidoux*, 638 F.3d at 1179. Accordingly, the Court **ADOPTS** the R&R and **GRANTS** the Petitions to Approve the Minors' Compromise in the pending action. The Court further **ORDERS**:

(1) Defendants shall prepare and deliver the settlement fund proceeds for dispersal as follows:

(a) attorney's fees in the amount of $76,940, $11,530, and $11,530 (or collectively $100,000) to Plaintiffs' counsel, The McClellan Law Firm;

(b) costs in the amount of $8,928.38 to Plaintiffs' counsel, The McClellan Law Firm;

(c) medical expenses in the amount of $1,183.82, paid directly to provider Conduent (Cigna Medical Lien) via P.O. Box 30114, Salt Lake City, Utah 84130; and

(d) the balance of the settlement shall be distributed to each of the minor Plaintiffs as set forth in the Petitions.

(2) The remaining amounts designated for each of the minor Plaintiffs ($299,707.18 for Mila, $45,091 for Zoe, and $45,091 for Vesper) shall be

---

[10] *See* Cal. Prob. Code § 3602(c)(1) (providing as option that funds be deposited into a single-premium deferred annuity).

invested into three structured settlement annuities comporting with the options selected by the minor Plaintiffs' guardian *ad litem* for the benefit of the minor Plaintiffs. The funds will be held in the structured annuities until the minor Plaintiffs reach the age of eighteen (18) and then be disbursed based on the proposals selected by the guardian *ad litem*. Until that time, no withdrawals may be made from the structured annuity without a written order from this Court.

(3) All proceeds are to be paid within thirty (30) days after approval of the minors' compromise. Interest shall accrue at 7% per annum on any amounts not paid within 30 days of this Order.

(4) Any annuity payments remaining to be paid after the death of Mila Shen will be made payable in equal shares to her primary beneficiaries: Zoe Shen, Vesper Shen, and Axel Shen. If one of Mila's primary beneficiaries is no longer living, then that person's payments will be distributed in equal shares to the remaining beneficiaries listed here.

(5) Any annuity payments remaining to be paid after the death of Vesper Shen will be made payable in equal shares to her primary beneficiaries: Zoe Shen, Mila Shen, and Axel Shen. If one of Vesper's primary beneficiaries is no longer living, then that person's payments will be distributed in equal shares to the remaining beneficiaries listed here.

(6) Any annuity payments remaining to be paid after the death of Zoe Shen will be made payable in equal shares to her primary beneficiaries: Vesper Shen, Mila Shen, and Axel Shen. If one of Zoe's primary beneficiaries is no living, then that person's payments will be distributed in equal shares to the remaining beneficiaries listed here.

(7) The parties are directed to file a request for dismissal of this action within fourteen (14) days of the date of this Order.

///

**IT IS SO ORDERED.**

DATED: December 31, 2019

_____
**HON. ROGER T. BENITEZ**
United States District Judge